IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **QUINTEZ TALLEY**, *et al.*, | **CIVIL ACTION** |
| Plaintiffs, | |
| v. | **NO. 22-4186-KSM** |
| **TIMOTHY J. SAVAGE**, *et al.*, | |
| Defendants. | |

**MEMORANDUM**

**MARSTON, J.**                                                                                                          December 8, 2022

Currently before the Court is a Complaint filed by Plaintiff Quintez Talley, a *pro se* litigant incarcerated at SCI Fayette, raising claims based on a prior civil action that Talley filed in this District. (Doc. No. 1.) Talley has also moved to proceed *in forma pauperis*. (Doc. No. 4.) For the following reasons, the Court will dismiss the Complaint in its entirety as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), and deny Talley's Motion to Proceed *In Forma Pauperis* as moot.

**I.     FACTUAL ALLEGATIONS**[1]

   **A. Talley's Prior Lawsuit**

Talley's claims are wholly based on a prior lawsuit that he filed in November 2018, *Talley v. Bissell*, Civ. A. No. 18-5072 (E.D. Pa.) ("*Bissell*"), which was assigned to the Honorable Timothy J. Savage, United States District Judge for the Eastern District of Pennsylvania.[2] In

---

[1] The following allegations are taken from the Complaint and public records of which the Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] At times, the Complaint refers to *Bissell* as "*Clark*." (Doc. No. 1 ¶¶ 8, 10.) This appears to be an error because all of Talley's factual allegations relate to *Bissell*.

*Bissell*, Talley sued the Pennsylvania Department of Corrections ("DOC") and several of its employees pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). (*Bissell*, Doc. No. 2.)  In an order entered on December 4, 2018, Judge Savage granted Talley leave to proceed *in forma pauperis*, dismissed the DOC as a defendant pursuant to the Eleventh Amendment, and directed service of Talley's complaint on the remaining defendants.  (*Id.*, Doc. No. 5.)

Talley moved for reconsideration of Judge Savage's order to the extent it dismissed the DOC as a defendant.  (*Id.*, Doc. No. 8.)  In an order entered on December 21, 2018, Judge Savage granted Talley's motion.  (*Id.*, Doc. No. 9.)  It appears Judge Savage understood Talley to be limiting his claims to the ADA, which provides for claims against public entities such as the DOC, but not individual defendants.  (*Id.* at 1 n.1.)  Accordingly, Judge Savage instructed the Clerk's Office to "update the docket to reflect that the [DOC] is no longer a terminated defendant in this matter and is the sole defendant."  (*Id.* ¶ 1.)

The December 21, 2018 order also appointed the Clerk of Court to serve a waiver request on the DOC.  (*Id.* ¶ 2.) In accordance with the order, the Clerk's Office sent the waiver request to the DOC the same day; the waiver requested that the DOC respond to the waiver by January 20, 2019.  (*Id.*, Doc. No. 10.)  On January 24, 2019, Kevin R. Bradford, an attorney with the Office of the Attorney General, filed a signed, completed form for waiver of service of summons on behalf of the DOC.  (*Id.*, Doc. No. 13.)  Among the representations made on the form was that Bradford understood that he "or the entity [he] represent[s], must file and serve an answer or a motion under Rule 12 within 60 days from 12/21/2018, the date when this request was sent" and that if he failed to do so, "a default judgment will be entered against [him] or the entity [he] represent[s]."  (*Id.*)

After obtaining an extension of time, Bradford filed an answer on behalf of the DOC. (*Id.*, Doc. No. 16.)

On August 15, 2019, Judge Savage issued a memorandum opinion granting summary judgment to the DOC on Talley's ADA claims. *See Talley v. Bissell*, No. 18-5072, 2019 WL 3837111, at *1 (E.D. Pa. Aug. 15, 2019). Talley appealed to the United States Court of Appeals for the Third Circuit. (*Bissell*, Doc. No. 32.) After initially granting a stay, the Third Circuit dismissed the appeal for lack of jurisdiction in a May 3, 2022 order because the constitutional and state-law claims against the individual defendants remained unresolved. (*Id.*, Doc. No. 36.) Thereafter, Talley filed several motions in *Bissell*, which Judge Savage denied. (*Id.*, Doc. Nos. 37–38, 41, 43–45.) Talley filed another appeal in August 2022, which is currently pending before the Third Circuit. (*Id.*, Doc. No. 46.)

### B. Talley's Current Complaint

On October 11, 2022,[3] Talley filed the instant Complaint naming three federal Defendants — the United States of America, Judge Savage, and "Unknown Clerk's [sic] of Judge Savage" (the "federal Defendants") — and four Defendants associated with the Commonwealth of Pennsylvania — the Attorney General's Office, Attorney General Josh Shapiro, the DOC, and Attorney Kevin Bradford (the "Commonwealth Defendants"). (Doc. No. 1 at 1.) Based on what happened in *Bissell*, Talley brings federal claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 42 U.S.C. § 1983, the Federal Tort Claims Act ("FTCA"), and state law. (*Id.* at 1, 6.)

---

[3] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Since Talley's Complaint is dated October 11, 2022, that is the earliest he could have handed it to prison authorities for mailing. (Doc. No. 1 at 8.) The Court received the Complaint on October 14, 2022.

Talley's Complaint recites the relevant portions of the docket and filings in *Bissell*, as set forth above, which provide the entire factual basis for Talley's claims. (*See* Doc. No. 1 at 2–5.) Those claims focus on the effect of the DOC's waiver of service in *Bissell*. Talley alleges that when Bradford signed the waiver of service form, he essentially entered into a contract on behalf of himself, Attorney General Shapiro, the Attorney General's Office, and the DOC, requiring them to "file and serve an answer or a motion under Rule 12 within 60 days" or risk entry of default judgment. (*Id.* ¶¶ 23–27.) Conversely, Talley also alleges that, since Bradford's waiver of service was filed four days late, and since it was sent to the court instead of to him directly, it was essentially ineffective. (*Id.* ¶¶ 26–27.) According to Talley, taking these two principles together, the consequence of the DOC's late filing of the waiver was: (1) that the DOC was not entitled to the benefit of the sixty-day response time and was instead obligated to respond to his complaint within twenty-one days under Federal Rule of Civil Procedure 12; *and* (2) that the DOC's failure to file an answer in the shorter time frame should have entitled Talley to a default judgment in *Bissell* under the "terms" of the waiver.[4] (*Id.* ¶¶ 27-28, 30-32.)

Talley further alleges that the DOC, through Bradford, breached the "contract" Talley believes was created by the waiver of service, by "vigorously" litigating *Bissell* despite "agreeing" to a default judgment via the waiver. (*Id.* ¶ 28; *see also id.* ¶ 34.) He adds that Judge Savage and his unknown law clerks mishandled the case by "refus[ing] to enter a default judgment against Defendant DOC" despite "the very contractual nature of the agreement entered into between Talley and the Defendant DOC by way of the [waiver of service] form filed in [*Bissell*]."[5] (*Id.* ¶ 30.) As

---

[4] Federal Rule of Civil Procedure 12(a)(1)(A) provides that a defendant must file an answer "within 21 days after being served with the summons and complaint" or "if it has timely waived service under Rule 4(d), within 60 days after the request for waiver was sent."

[5] Notably, Talley never moved for a default judgment in *Bissell* pursuant to Federal Rule of Civil Procedure 55. Rather, he appears to be alleging that he was entitled to one as a matter of law by virtue of the waiver

4

a result, Talley alleges that he was deprived of the $50,000 in damages he requested in *Bissell*, and that he has suffered "mental and emotional strain" that has "been so overbearing that it keeps [him] up for days at a time!" (*Id.* ¶¶ 34–35.) For relief, Talley seeks compensatory and punitive damages. (*Id.* ¶¶ 49–54.) He also seeks "a declaration that, under the terms of the [waiver of service] forms mailed to Defendant DOC on December 21, 2019; and, subsequently returned to the E.D. Pa. on January 24, 2019; Defendants DOC's failure to timely act constitutes a 'material' breah [sic]" and an injunction compelling the United States, Judge Savage and the Judge's law clerks "to enforce the terms of the [waiver of service] forms . . . and enter a default judgment against Defendant DOC." (*Id.* ¶¶ 47–48.)

## II.  STANDARD OF REVIEW

When a prisoner files a complaint and a motion to proceed *in forma pauperis*, a district court may take a "flexible approach" and opt to screen the complaint prior to addressing the prisoner's *in forma pauperis* motion. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) ("[W]e hold that a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."). This approach "permits courts to move early to screen complaints in order to conserve judicial resources." *Id.* Here, the Court concludes that it would be more efficient to screen Talley's Complaint pursuant to 28 U.S.C. § 1915A(b)(1) prior to addressing his Motion to Proceed *In Forma Pauperis*.[6]

---

of service. Talley also alleges that Judge Savage and his law clerks have engaged in similar conduct in other cases and mishandled his case following the Third Circuit's decision on his first appeal. (Doc. No. 1 ¶ 30.) He does not provide any additional information about those other cases. Accordingly, in the event Talley sought to raise claims based on events in other cases, he has not stated any factual basis that could support a plausible claim.

[6] It is unclear whether Talley is entitled to *in forma pauperis* status. According to 28 U.S.C. § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal

5

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the

---

court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (*en banc*). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). Talley has accrued two strikes under § 1915(g). *Talley v. Pa. Dep't of Corr.*, Civ. A. No. 19-1687 (E.D. Pa.) (November 14, 2019 memorandum and order dismissing complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)); *Talley v. Greismer*, Civ. A. No. 19-1587 (E.D. Pa.) (November 5, 2019 memorandum and order dismissing complaint for failure to state a claim). The Third Circuit is considering whether a third dismissal, *Talley v. Pillai*, Civ. A. No. 18-1060 (W.D. Pa.) (Dec. 9, 2019 memorandum and order), counts as a strike. *Talley v. Pa. Dep't of Corr.*, No. 20-1278 (3d Cir.) (Mar. 31, 2022 order). Since dismissal of Talley's Complaint is warranted under § 1915A(b)(1), the Court need not address this issue and will instead deny Talley's Motion to Proceed *In Forma Pauperis* as moot. *See Brown*, 941 F.3d at 660.

*pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (statute of limitations). As Talley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

## III. DISCUSSION[7]

### A. RICO Claims

Talley's RICO claims are legally baseless. RICO "makes it unlawful 'for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting 18 U.S.C. § 1962(c)). To state a civil RICO claim, a plaintiff must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* (internal quotations omitted). "'Racketeering activity' is defined in the RICO statute to comprise the state law offenses of murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, and dealing in a controlled substance or listed chemical, as well as several federal offenses such as mail and wire fraud."

---

[7] The Court has jurisdiction over Talley's federal claims under 28 U.S.C. § 1331 and will exercise supplemental jurisdiction over his related state claims pursuant to 28 U.S.C. § 1367(c)(3) as a matter of judicial economy, convenience, and fairness. *See Talley* v. *Wetzel*, 15 F.4th 275, 281 (3d Cir. 2021).

*Talley v. Halpern ex rel. Est. of Winderman*, No. 05-4184, 2005 WL 2002611, at \*4 (E.D. Pa. Aug. 16, 2005) (citing 18 U.S.C. § 1961(1)). "According to the RICO statute, a 'pattern of racketeering activity' requires at least two acts of racketeering activity within a ten-year period." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 363 (3d Cir. 2010) (quoting 18 U.S.C. § 1961(5)). Additionally, a plaintiff must have sustained "injury to business or property" caused by the alleged RICO violation in order to bring a RICO claim. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482–83 (3d Cir. 2000).

Talley does not allege any conduct that could be considered racketeering activity for purposes of setting forth a legal basis for a RICO claim. *See Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("The claim that the defendants [including numerous judges, staff attorneys, and an assistant united states attorney] engaged in a RICO conspiracy by failing to properly address issues on appeal and 'bribing' witnesses to testify pursuant to plea agreements lacks any arguable basis in law and was properly dismissed as frivolous."). Even assuming Talley could possibly allege a basis for a contract or tort claim under state law, which this Court does not conclude, he would not have a legal basis for a RICO claim. *See Annulli v. Panikkar*, 200 F.3d 189, 200 (3d Cir. 1999) ("We will not read language into § 1961 to federalize every state tort, contract, and criminal law action."), *overruled on other grounds by Rotella v. Wood*, 528 U.S. 549 (2000); *see also Kolar v. Preferred Real Est. Invs., Inc.*, 361 F. App'x 354, 364 (3d Cir. 2010) (noting that court should not permit contract claims nor simple fraud disputes to be transformed into RICO claims). Accordingly, the Court will dismiss Talley's RICO claims as legally frivolous.[8]

---

[8] Since Talley has failed to allege a legal basis for a substantive RICO claim, it follows that he lacks a legal basis for a conspiracy claim under RICO. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient.").

## B. Constitutional Claims

There are numerous reasons why Talley's constitutional claims fail. The vehicle by which federal constitutional claims may be brought against state actors in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent Talley sues federal actors for constitutional violations, he presumably brings those claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a federal cause of action for damages against federal actors in highly limited circumstances. *Egbert v. Boule*, 142 S. Ct. 1793, 1799–800 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

Talley alleges that he was denied access to the courts and due process based on the events in *Bissell*. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'— that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415. To state a procedural due process claim, a plaintiff must generally allege that he was deprived of "notice and an opportunity to be heard" in a meaningful time and manner. *Mancini v. Northampton County*, 836 F.3d 308, 315 (3d Cir. 2016) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

9

Moreover, Pennsylvania's two-year statute of limitations applies to Talley's § 1983 and *Bivens* claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

Notably, although Talley asserts that he was entitled to a default judgment in *Bissell*, nothing in his Complaint suggests that he was prevented from raising his arguments in *Bissell*. To the contrary, the docket in *Bissell* reflects that Talley regularly filed motions, responded to the DOC's motions, and filed two appeals (as he himself acknowledges in his Complaint). Since it is apparent from the Complaint and public record that Talley was able to access the courts and be heard on his arguments, his constitutional claims are legally baseless. Furthermore, any claims based on events that occurred in *Bissell* up to and including Judge Savage's grant of summary judgment on August 15, 2019, which includes all of Talley's constitutional claims against the Commonwealth Defendants, are clearly time-barred since Talley did not file this lawsuit until October 11, 2022.

There are additional defects in Talley's claims, several of which are worth noting. First, "[t]he structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts," so there is no mechanism for the undersigned to intercede in a lawsuit presided over by another federal judge. *Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012); *see also Carter v. All Dist. Fed. Judges*, 415 F. App'x 363, 365 (3d Cir.

2011) (*per curiam*) ("To the extent [plaintiff's] allegations reflect her disagreement with the resolution of her previous cases, the proper vehicle for raising such a challenge is to file an appeal in those cases, not bring a new action."). Second, Judge Savage is entitled to absolute judicial immunity from Talley's claims. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). Third, Judge Savage's law clerks, who appear to have been sued because they may have assisted Judge Savage in handling *Bissell*, are entitled to absolute quasi-judicial immunity from Talley's claims. *Little v. Hammond*, 744 F. App'x 748, 751 (3d Cir. 2018) (*per curiam*) ("[W]e agree that Thomas is entitled to immunity for actions taken in her capacity as Judge Hammond's law clerk.") (citing *Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009)). Fourth, there is no legal basis for a *Bivens* claim against the United States, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), and *Bivens* likely does not provide a remedy here in any event, *see Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (noting that the Supreme Court "has repeatedly refused to recognize *Bivens* actions in any new contexts"). Fifth, entities of the Commonwealth, such as the DOC and the Attorney General's Office, are entitled to Eleventh Amendment immunity and, accordingly, are not "persons" subject to liability under § 1983. *Lavia v. Pa., Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) (*per curiam*) (same regarding the Attorney General's Office). Sixth, Talley has failed to allege that Attorney General Shapiro was personally involved in any of the relevant events, as is necessary to state a claim against him. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207

11

(3d Cir. 1988); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). These are additional grounds supporting the Court's conclusion that Talley's constitutional claims are legally frivolous.[9]

**C. FTCA Claims**

Tally brings claims against the federal Defendants, apparently pursuant to the FTCA, based on their alleged interference with contracts. (Doc. No. 1 ¶¶ 3, 46.) The FTCA waives the sovereign immunity of the United States for torts of "any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[10] 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674; *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (stating that "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962))). The United States is the only proper defendant in an FTCA action, *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), and is

---

[9] Since the facts alleged do not establish a constitutional violation, it follows that Talley lacks a legal basis for his conspiracy claim. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018) ("To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law reached an understanding to deprive him of his constitutional rights.") (internal quotations omitted). An additional reason Talley's conspiracy claim fails is that he has not alleged a basis for concluding that the Defendants reached a conspiratorial agreement. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (observing that "being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge"); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) ("'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'") (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480–81 (10th Cir. 1990)).

[10] The FTCA only authorizes suits for damages, exclusive of punitive damages. 28 U.S.C. §§ 1346(b)(1), 2674; *Michtavi v. United States*, 345 F. App'x 727, 730 n.4 (3d Cir. 2009) (*per curiam*) ("[T]o the extent Michtavi purported to seek punitive damages, recovery for alleged loss of property, and injunctive relief, such relief is not available under the FTCA.").

"entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim," 28 U.S.C. § 2674.

There is no legal basis for Talley's FTCA claims against Judge Savage and his law clerks since an FTCA claim may only be brought against the United States. More importantly, there is no legal basis for an FTCA claim here at all. Under Pennsylvania law, "[j]udges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over subject matter and person."[11] *Beam v. Daihl*, 767 A.2d 585, 586 (Pa. Super. Ct. 2001) (citing *Feingold v. Hill*, 521 A.2d 33 (Pa. Super. Ct. 1987) and *Stump*, 435 U.S. at 98). That immunity extends to a judge's law clerks. *Feingold*, 521 A.2d at 38 ("The cloak of quasijudicial immunity must be extended to law clerks in the performance of their official duties if we are not to entirely emasculate the independence of the judiciary itself."). Accordingly, Talley's FTCA claims are legally baseless because they are precluded by judicial immunity. *Kight v. U.S. Dist. Ct., N. Dist. of Ga.*, 681 F. App'x 882, 884 (11th Cir. 2017) (*per curiam*) ("Kight's claims cannot proceed under the FTCA because the FTCA preserves the defense of judicial immunity where applicable, and the challenged actions of the judges in Kight's prior case are protected by absolute judicial immunity"); *Richardson v. United States*, 516 F. App'x 2, 2 (D.C. Cir. 2013) (*per curiam*) ("[T]he United States

---

[11] Judge Savage clearly had jurisdiction over Talley's case.

13

is entitled to judicial immunity under the FTCA because court clerks enjoy absolute immunity from damages for performance of tasks that are an integral part of the judicial process").

### D. Breach of Contract and Promissory Estoppel

Talley brings breach of contract and promissory estoppel claims against all of the Defendants. (Doc. No. 1 ¶¶ 41-42.) "It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016); *see also KORE Cap. Corp. v. StoneMor Operating LLC*, No. 21-3485, 2022 WL 2240075, at *2 (E.D. Pa. June 22, 2022). "In order to maintain an action in promissory estoppel, the aggrieved party must show that 1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; 2) the promisee actually took action or refrained from taking action in reliance on the promise; and 3) injustice can be avoided only by enforcing the promise." *Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000).

Talley alleges that he is entitled to entry of a default judgment in *Bissell* and for damages he would have been due upon entry of such default judgment as a "term" of the form waiver signed by Bradford or a "promise" made by that waiver. The form waiver states in relevant part: "I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/21/2018, the date when this request was sent . . . . If I fail to do so, a default judgment will be entered against me or the entity I represent." (*Bissell*, Doc. No. 13.) Talley alleges that Bradford's waiver was essentially ineffective because it was filed late, such that the DOC was not entitled to sixty days for service under Rule 12, *and* that, due to Bradford and the DOC's failure to answer within the shorter time-frame provided by Rule 12, the Court was

14

required to grant Talley a default judgment to enforce this provision of the waiver. In other words, Talley essentially argues that the portion of the waiver benefiting the DOC is unenforceable due to Bradford's failure to sign the waiver in accordance with the terms offered to him, but that the portion of the waiver benefiting Talley is nevertheless enforceable. Both things cannot be true. Assuming *arguendo* the Court's transmission of service documents could be considered an "offer," if the DOC's ability to take advantage of the "terms" of the offer in the waiver "was contingent upon it's returning it's [waiver] form to Talley — not the E.D. Pa. — within 30 days of 12/21/2018," (Doc. No. 1 ¶ 27), and the DOC failed to do that, then no contract was ever created.[12] *See Boro Const., Inc. v. Ridley Sch. Dist.*, 992 A.2d 208, 215 (Pa. Commw. Ct. 2010) ("[W]here a condition precedent has not been fulfilled, the duty to perform under the contract lays dormant and no damages are due for non-performance.") (citing *Shovel Transfer & Storage, Inc. v. Pa. Liquor Control Bd.*, 739 A.2d 133 (1999)).

In any event, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* If Bradford's waiver was ineffective (which this Court does not conclude but assumes for purposes of the argument), then Judge Savage could not legally enter a default judgment because service would not have happened at all, either by waiver or summons. *See Gold Kist, Inc. v. Laurinburg Oil Co.,*

---

[12] In any event, the twenty-one day period for filing an answer under Rule 12(a)(1)(A)(i) runs from the time the defendant is "served with the summons and complaint." Service by summons did not happen here, so this portion of the rule is inapplicable. Indeed, the notice that the Clerk's Office sent to Talley regarding service explained that if the DOC did not waive service "the complaint will be forwarded to the United States Marshal's Service to effect service." (*Bissell*, Doc. No. 11.)

756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside."); *Kongtcheu v. Constable*, 674 F. App'x 216, 220 (3d Cir. 2016) (*per curiam*) (rejecting argument that district court should have entered default against defendants who were not served, even where plaintiff was indigent and entitled to service under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3)); *Hudak v. Apostolate for Fam. Consecration, Inc.*, No. 22-173, 2022 WL 3716603, at *3 (W.D. Pa. July 18, 2022) ("A waiver of service becomes effective only upon the filing of a signed waiver form."). In sum, the Court rejects Talley's theory that he was entitled to a default judgment as a matter of contract law or promissory estoppel and will dismiss these claims as legally frivolous.

### E. State Tort Claims

Talley brings state tort claims against the Commonwealth Defendants for civil conspiracy, fraud, negligence (which Talley also frames as "malpractice"), and negligent and/or intentional infliction of emotional distress (which Talley frames as "'mental' and 'emotional' harm" and "'mental anguish'"). (Doc. No. 1 ¶¶ 40, 43-45.) These claims are also meritless.

By statute, Pennsylvania law provides agencies, officials and employees of the Commonwealth, such as the Commonwealth Defendants, with sovereign immunity from damages claims subject to exceptions not applicable here. *See* 1 Pa. Cons. Stat. § 2310 (establishing immunity for Commonwealth officials and employees); 42 Pa. Cons. Stat. § 8521 (limiting waiver of immunity to specific exceptions); *id.* § 8522 (setting forth limited exceptions); *see also Feliz v. Kintock Grp.*, 297 F. App'x 131, 137 (3d Cir. 2008) (*per curiam*) ("While Feliz may take issue with the manner in which they performed their duties, there can be no question that the Commonwealth defendants were acting within the scope of their employment in the instant case."); *Stackhouse v. Com., Pa. State Police*, 892 A.2d 54, 58 (Pa. Commw. Ct. 2006) ("Generally, the

Commonwealth and its agencies, officials and employees acting within the scope of their duties are immune from suits for damages."). Additionally, Pennsylvania's judicial privilege precludes liability for tort claims "based on statements made during judicial proceedings," including statements made by attorneys. *Panitz v. Behrend*, 632 A.2d 562, 564 (Pa. Super. Ct. 1993); *see also Church Mut. Ins. Co. v. All. Adjustment Grp.*, 102 F. Supp. 3d 719, 730 (E.D. Pa. 2015) ("The judicial privilege provides immunity for communications which are made in the regular course of judicial proceedings and are material to the relief sought, whether made by a party, a witness, an attorney, or a judge.") (internal quotations omitted) , *aff'd,* 708 F. App'x 64 (3d Cir. 2017). And, the Commonwealth Defendants, as agents of a single entity, "'cannot conspire among themselves.'" *Grose v. Procter & Gamble Paper Prod.*, 866 A.2d 437, 441 (Pa. Super. Ct. 2005) (quoting *Rutherford v. Presbyterian-Univ. Hosp.*, 612 A.2d 500, 508 (Pa. Super. Ct. 1992)).

Moreover, all of Talley's tort claims against the Commonwealth Defendants are time-barred. Pennsylvania's two-year statute of limitations applies to these claims. 42 Pa. Cons. Stat. § 5524(7) (two-year statute of limitations applies to actions "to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter"). "[A] cause of action accrues when an injury is inflicted" such that "the clock begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations[.]" *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 246 (Pa. 2021) (internal quotations and citations omitted). It is apparent from the face of the Complaint and the public record that the conduct upon which Talley bases his claims against the Commonwealth Defendants all occurred more than two years before he filed this lawsuit on

October 11, 2022, and that Talley knew or should have known of the basis for his claims on or about the time the conduct occurred.[13]  Accordingly, his fraud, civil conspiracy, emotional distress, and negligence claims are all time barred and must be dismissed.  *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017) (in determining whether an affirmative defense is apparent on the face of the complaint, the court "may also look beyond the complaint to public records, including judicial proceedings").

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Talley's Complaint in its entirety as legally frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), and deny his Motion to Proceed *In Forma Pauperis* as moot. Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.

---

[13] Talley filed his first appeal in *Bissell* on August 30, 2019.  (*Bissell*, Doc. No. 32.)